**In re INSTITUTO MEDICO DEL NORTE, INC., Debtors.**

**Bankruptcy No. B–87–00260 (ESL).**

United States Bankruptcy Court, D. Puerto Rico.

July 16, 1987.

F. David Godreau, Ramirez, Latimer, Biaggi & Miranda, San Juan, P.R., for debtor.

Yanet Torres Ramirez, Lasa, Escalera & Reichard, San Juan, P.R., for Queenland Morales Ruz.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This matter came before the court on July 15, 1987 for a hearing to consider the motion by Instituto Medico del Norte, Inc. to reject the contractual relations between said debtor and Dra. Queenland Morales Ruz. At the hearing the debtor presented as evidence the testimony of its administrator, Mrs. Gloria Campos Ayala. Dra. Morales did not present any evidence alleging that she did not have sufficient time to prepare for the hearing, and that she has moved the court for a continuance through a motion filed on July 10, 1987. The court expressed at the hearing that Dra. Morales' legal representatives are sufficiently familiar with the facts relative to the contractual relations between the debtor and Dra. Morales, and that sufficient advance notice under the circumstances has been given. Accordingly, the motion for continuance was denied.

The court being fully advised on the premises now enters the following findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules:

### Findings of Fact

1. The debtor and Dra. Queenland Morales Ruz are parties to an executory contract whereby Dra. Morales Ruz will provide the debtor with professional services to operate the Radiology Department.

2. The basic agreement calls for apportioning gross income between the debtor and Dra. Morales on a 50% share to each party to the contract. All operational expenses are borne by the debtor.

3. The agreement is on an exclusive basis and the debtor cannot contract for additional radiology services.

4. Dra. Morales is not presently providing full time services to the debtor.

5. Because of the exclusive nature of the agreement and Dra. Morales' failure to give full time radiology services to the debtor, the integrated medical services needed and required by the debtor are not been offered.

6. The Radiology Department experienced losses in the approximate amount of $136,000.00 for the fiscal year of 1986.

7. The projected losses for the current year, that is, 1987, is $160,000.00.

8. One of the primary reasons for the losses being experienced by the Radiology Department is the present contractual relation between the debtor and Dra. Morales.

9. The present arrangement between the debtor and Dra. Morales is not beneficial to the estate.

### Conclusions of Law

A debtor-in-possession's decision to reject a contract is based on the "business judgment" rule. *In re Chi-Feng-Huang*, 23 B.R. 798 (BAP 9th Cir.1982); *In re International Coins and Currency*, 18 B.R. 335 (Bankr.D.Vt.1982); *See also, Collier on Bankruptcy*, 15th Ed. ¶ 365.03, page 365–16. The main concern of the business judgment rule is the impact that the same will have on the estate. Accordingly, rejection of a "contract will be approved upon a mere showing that the action will benefit the estate." Norton Bankr.L. & Prac. § 23.08 page 12. *See*

*also, Johnson v. Fairco Corp.*, 61 B.R. 317 (Bankr.N.D.Ill.1986); *In re Wheeling-Pittsburgh Steel Corp.*, 59 B.R. 129 (Bankr.W. D.Pa.1986).

█ The evidence before this Court shows that the debtor, through its administrator, has relied on reasonable factors to arrive at its decision of rejecting the subject contract. Such a business judgment will benefit the estate and should, therefore, be approved.

Pursuant to § 365(g) of the Bankruptcy Code (11 U.S.C. § 365(g)) the rejection of an executory contract constitutes a breach of the contract. Such a breach results in a claim against the estate. The claim will be a general unsecured claim for any unpaid services due prior to the bankruptcy filing, 11 U.S.C. § 502(b)(6)(B); 11 U.S.C. § 502(b)(7)(B); an administrative claim for services rendered and accrued post petition but prior to rejection, 11 U.S.C. § 503(b)(1)(A), 11 U.S.C. § 507(a)(1); and a general unsecured claim for any rejection damages, 11 U.S.C. § 502.

### Conclusions

In view of the foregoing, it is now

ORDERED that debtor's motion to reject the contract for professional services with Dra. Queenland Morales Ruz is hereby granted, and it is further

ORDERED that Dra. Morales may file a proof of claim for any damages resulting from the rejection, and, thus, breach of the contract, prior to the date when the court schedules the hearing on approval of the disclosure statement.

SO ORDERED.